RECEIVED

JUN 2 0 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **RANDY LYNN MOSLEY** | **CIVIL ACTION NO. 05-0629c/w05-692** |
| **VS.** | **SECTION P** |
| **KATHY THORNTON, ET AL.** | **JUDGE DOHERTY** |
| | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is the consolidated civil rights action filed *in forma pauperis* by *pro se* plaintiff, Randy Lynn Mosley, on April 8, 2005 pursuant to 42 U.S.C. §1983.[1] Plaintiff names Nurse Kathy Thornton, Warden Mark Hebert and the St. Mary Parish Law Enforcement Center (SMPLEC) as defendants. Plaintiff seeks damages and injunctive relief as a result of alleged denial of medical treatment while plaintiff was incarcerated at the Morgan City Jail and the SMPLEC.

Review of the record in this consolidated action reveals that when plaintiff filed his lawsuits, plaintiff was incarcerated at the SMPLEC awaiting trial on criminal charges. On March 3, 2005, plaintiff was apparently convicted and his custody transferred to the Louisiana Department of Public Safety and Corrections ("DOC"). [see 05-629, rec. doc. 7, ¶ 4, noting that "plaintiff was a detainee...until March 3, 2005"; 05-692, rec. doc. 1, pg. 1, noting that plaintiff is "to be sentenced April 1, 2005...."]. On or about May 18, 2005, plaintiff was transferred to the Elayn Hunt Correctional Center, in St. Gabriel, Louisiana, a DOC facility. [05-692, rec. doc. 4].

---

[1] Both consolidated actions were originally filed in the United States District Court for the Middle District of Louisiana. Both cases were subsequently transferred to and filed in this court. By separate Order, these cases were consolidated.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

In this consolidated action, plaintiff claims that he was denied adequate medical care for pre-existing degenerative disc disease and arthritis. Review of plaintiff's standardized and handwritten complaints and attachments thereto reveals that plaintiff was booked into the Morgan City Jail on July 25, 2004. At that time, plaintiff advised the booking officer of his pre-existing arthritis and degenerative disc disease. On August 10, 2004, plaintiff submitted a "sick call request" seeking an appointment with a doctor because of pain in his upper back, neck, left shoulder, and left elbow. On August 15, 2004 plaintiff was told that all medical care had to be authorized by Nurse Kathy Thornton, the Medical Administrator at the SMPLEC.

Plaintiff submitted additional sick call requests and filed a series of administrative grievances requesting an appointment with a specialist, an MRI and medication which he claimed to have been previously prescribed including Tylox 6, Flexeril and Lortab. Plaintiff was only given ibuprofen two times a day. On September 25, 2004, Nurse Thornton saw plaintiff at the Morgan City Jail and advised plaintiff that an appointment had been made for him at the orthopedic clinic at Charity Hospital in Houma, Louisiana.

On January 26, 2005, plaintiff was transferred to the SMPLEC. On February 9, 2005, plaintiff submitted an Inmate Grievance in accordance with the Administrative Remedy Procedure (ARP).[2] In his grievance, plaintiff complained that he had been told that he would be

---

[2] The grievance was assigned number 2005-0015, and it and the responses thereto are attached as exhibits to plaintiff's standardized complaint.

seen at a "free facility" and questioned why he had not been sent to a specialist in Morgan City. He also complained that the only medication he had been given for his condition is "cheap ibuprofen." He therefore requested "[t]o immediately see an emergency Ortho specialist" and monetary damages.

On February 11, 2005, Nurse Thornton responded to plaintiff's grievance. According to her response to plaintiff's administrative grievance, jail officials had been unsuccessful in obtaining plaintiff's medical records. Plaintiff told jail officials that he was a boat captain and that he had gone to several different emergency rooms in different areas where the boat was docked. However, plaintiff failed to name the hospitals where he claimed to have received treatment for his condition.[3] Nurse Thornton told plaintiff that she would refer him to the orthopedic clinic at Charity Hospital, which she did. Thornton did not give plaintiff the date of the appointment because of the jail's security policy, however, she told plaintiff that because the clinic was "solidly booked" it would be several months before plaintiff could see the orthopedist. In the meantime, plaintiff was seen by Nurse Arceneaux for "achiness" and sinus problems. He was also seen by Nurse Thornton for a "facial infection." Plaintiff's appeals to Warden Hebert and the Sheriff were deemed "unfounded"; both respondents concurred with Nurse Thornton's response.[4]

Plaintiff seeks both monetary damages and injunctive relief.

---

[3]This claim appears to be well founded as in his grievance, plaintiff does not specifically name the facilities at which he had previously been treated. Rather, he states only that he was seen at "a hospital in Golden Meadows, La., a hospital in Cameron, La. and a clinic in Galveston, Tx...."

[4]Warden Hebert additionally noted that when his deputy was advised by plaintiff that plaintiff could not get in his assigned top bunk, plaintiff was immediately transferred to a bottom bunk.

## LAW AND ANALYSIS

### I. Review under § 1915

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); See also 28 U.S.C.A. §1915A, 42 U.S.C.A. §1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Plaintiff has submitted an articulate hand-written *pro se* complaint, two standardized complaints to which he attaches additional handwritten pages of factual information in support of his claim, and a well written Motion requesting the issuance of a temporary restraining order and

preliminary injunction accompanied by a memorandum in support of injunctive relief. He has also provided copies of his ARP grievance and the responses of prison officials thereto. Thus, it is clear that plaintiff has articulated all of the facts available in support of his claim. In short, it appears that plaintiff has pleaded his best case. Therefore, further amendment of the complaints is unnecessary.

Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that plaintiff's claims are frivolous and that he has failed to state claims upon which relief may be granted.

## II. Medical Care

Because plaintiff was a detainee at the time of the complained of actions and inactions, the applicable standard for his claim depends upon whether the claim is directed to a general "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996). In *Nerren v. Livingston Police Dept.,* 86 F.3d 469 (5th Cir. 1996), the Fifth Circuit classified a case involving alleged inadequate medical care to an arrestee as an episodic case. Thus, the instant claim is properly analyzed as an episodic act case.

In *Nerren,* the court applied a deliberate indifference standard stating, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." The court then defined subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." *Nerren,* 86 F.3d at 473. This is the same standard applicable to convicted prisoners under the Eighth Amendment,

that is, the medical care must be "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); See also *Sibley v. LeMaire,* 184 F.3d 481, 489 (5th Cir. 1999) (noting that episodic act cases are analyzed under the same standard applicable to convicted prisoners under the Eighth Amendment).

The plaintiff must allege and be able to prove that each named defendant has been deliberately indifferent to his serious medical needs or the claim is subject to dismissal as frivolous. *Graves v. Hampton*, 1 F.3d 315, 319-20 (5th Cir. 1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir.2000). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). Deliberate indifference cannot be proven through cumulative group acts, but rather, "each defendant's subjective deliberate indifference, *vel non*, must be examined separately." *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999). It is not enough to demonstrate that the defendant was negligent, rather it must be shown that the actions were so reckless as to amount to deliberate indifference. *Sibley v. LeMaire*, 184 F.3d 481, 489 (5th Cir. 1999).

The complaint does not contain facts which sufficiently show that Nurse Thornton or Warden Hebert have been deliberately indifferent to plaintiff's serious medical needs. The record demonstrates that Nurse Thornton referred plaintiff to an orthopedic specialist and made an appointment for plaintiff to be seen by that specialist. Thornton cannot be faulted for the

orthopedic clinic's extensive waiting list.[5] Moreover, while plaintiff was awaiting this appointment, plaintiff was given ibuprofen twice a day for his neck and back complaints. Additionally, plaintiff was seen by Nurse Arceneaux for his complaints of "achiness." Thus, plaintiff was provided with medical treatment for his degenerative disc disease and arthritis. It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998); *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). Moreover, the fact that plaintiff was seen and treated by nurses rather than a physician does not implicate the constitution. *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998) citing *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Plaintiff appears to complain that he should not have had to wait to be seen by a specialist at a charity hospital, but rather that he should have been taken to a specialist practicing in the area, and also that he should have been provided with something stronger than "cheap ibuprofen." The fact that the medical care given is not the best that money can buy does not amount to deliberate indifference. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Norton*, 122 F.3d at 292. The constitution does not command that prison inmates be given the kind of medical attention that judges would wish to have for themselves; it prohibits only deliberate indifference to serious medical needs. *Mayweather*, 958 F.2d at 91; *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982), amended in part and vacated in part on other grounds, 688 F.2d 266,

---

[5]Nor can the defendants be faulted for failing to obtain plaintiff's medical records given the apparently inadequate information provided by plaintiff to jail officials as to the specific facilities where plaintiff claims that treatment was previously rendered. See fn. 3, supra.

267 (5th Cir. 1982). Although treatment by an orthopedist for degenerative disc disease and arthritis might be desirable, it is in no way constitutionally required. Indeed, others who suffer from these same ailments are never seen or treated by any physician, much less a specialist. Thus, given that plaintiff alleges that he suffers from degenerative disc disease and arthritis, as do millions of other Americans, and given that an appointment with a specialist was made in the first instance belies petitioner's allegations of deliberate indifference.

Moreover, to the extent that plaintiff disagrees with the medication he was given, that claim is without merit. While plaintiff may not have received the pain medications that he apparently wanted (Lortab, Tylox 6 and Flexaril)[6], he was nevertheless provided with the same non-steroidal anti-inflammatory medication used by millions of Americans, who, like plaintiff, suffer from degenerative disc disease and arthritis. See, e.g., http://www.allaboutarthritis.com (discussing the common usage of non-narcotic, over-the-counter non-steroidal anti-inflammatory drugs, known widely as NSAIDs, such as ibuprofen for the treatment of arthritis). Additionally, the fact that this medication was not as effective as plaintiff would have liked does not set out a constitutional violation. It is well settled that disagreement with medical treatment does not amount to a constitutional violation. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985); *Calloway v. Smith County*, 991 F. Supp. 801 (E.D. Tex. 1998); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Likewise, incorrect diagnosis or unsuccessful treatment is insufficient to establish deliberate indifference.

---

[6] These drugs are narcotics and thus are apparently not provided by the Morgan City Jail. See Medline, a Service of the U.S. National Library of Medicine and the National Institutes of Health at http://www.nlm.nih.gov/medlineplus/druginformation.html; ARP, p. 18 ("I reported being diagnosed in 2002 with arthritis and degenerative disc disease. I was told I could have no narcotic pain relief in Morgan City Jail...").

*Johnson*, 759 F.2d at 1238-39; *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001). For these reasons, plaintiff's inadequate medical care claim against Nurse Thorton and Warden Hebert should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

To the extent that plaintiff complains of the delay associated with getting an appointment with an orthopedic specialist at the Charity Hospital, that claim is without merit. In order to set forth a viable constitutional claim for delayed medical treatment, the plaintiff must show that the named defendants acted with deliberate indifference and substantial harm was occasioned by the delay. *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990). There is nothing in the record indicating plaintiff suffered substantial harm as a result of any delay. Although he claims that without prompt medical care he risks permanent disability[7], there is no evidence that any such disability resulted or any evidence whatsoever supporting plaintiff's conclusory allegation. To the contrary, it appears that plaintiff's condition pre-existed the alleged inadequate and delayed treatment. Thus, nothing in the record demonstrates that plaintiff suffered any harm, much less any substantial harm, as a result of any perceived delay. Moreover, as discussed above, the record fails to demonstrate that any named defendant acted with deliberate indifference toward plaintiff's medical needs. For these reasons, any claim based upon allegedly delayed medical treatment should be dismissed as frivolous and as failing to state a claim upon which relief may be granted.

**III. Supervisory Liability**

With respect to Warden Hebert, plaintiff alleges that the Warden "has never even spoken to me concerning any medical care, but is Kathy Thornton's direct supervisor...." [05-692, rec.

[7]See rec. doc. 1, ¶ 17.

doc. 1, "Statement of Claim"]. He also alleges that Warden Hebert, "is responsible for reviewing all administrative appeals of disciplinary charges filed by [SMPLEC] inmates" [Doc. 1, ¶ 5]. Additionally, he alleges that Warden Hebert "is responsible for reviewing all administrative grievances, and is aware of my neglect." [rec. doc. 7, Statement of Claim].

To the extent plaintiff names Warden Hebert in a supervisory capacity, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See, *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable under §1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

Plaintiff fails to state a claim against Warden Hebert. Here, plaintiff fails to allege any direct personal involvement by the Warden in his medical care or the lack thereof, or any medical policy so deficient that the policy itself acts as a deprivation of constitutional rights. Plaintiff merely alleges that the Warden was responsible for Thornton and the medical department and that he responded to plaintiff's appeal of Thornton's response the ARP grievance filed by plaintiff. However, the fact that the Sheriff responded to petitioner's appeal is insufficient to support a constitutional claim against the Sheriff. See *Johnson v. Johnson,* 385 F.3d 503, 526 (5th Cir. 2004); *Taylor v. Cockrell*, 92 Fed.Appx. 77, 78 (5th Cir. 2004); *Anderson v. Pratt*, 2002 WL 1159980, *3 (N.D.Tex. 2002). Further, plaintiff alleges no policy implemented by the

Warden that caused any constitutional deprivation. Although plaintiff claims that the SMPLEC "and its agents have a history of not providing medical care that is expensive" plaintiff does not allege that Warden Hebert is the author of this policy or that the Warden implements this policy. Moreover, in light of the above analysis, plaintiff fails to demonstrate that this or any alleged policy resulted in any constitutional deprivation. Finally, the allegation is conclusory at best, and such conclusory allegations are insufficient to state a constitutional claim. *Taylor*, 92 Fed.Appx. at 78 citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995) (en banc), *Biliski v. Harborth*, 55 F.3d 160, 162-163 (5th Cir.1995), and *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir.1989). Plaintiff's claim against the Warden should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

## IV. SMPLEC

Plaintiff names the SMPLEC as a defendant in this lawsuit. However, the SMPLEC is not a proper defendant in this §1983 lawsuit. A jail is not a legal entity capable of being sued. See *Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir.1981); *Blunt v. Bowles*, 1997 WL 527322 (N.D. Tex. 1997) citing *Darby v. Pasedena Police Department*, 939 F.2d 311, 313-14 (5th Cir. 1991). A prison facility or a "department" within a prison facility is not a "person" under §1983. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 641-42 (W.D.La.2000); *Marsden v. Federal B.O.P.*, 856 F.Supp. 832 (S.D.N.Y. 1994). See also *Powell v. Cook Co. Jail*, 814 F.Supp. 757, 758 (N.D.Ill. 1993); *McCoy v. Chesapeake Corr. Ctr.*, 788 F.Supp. 890, 893 (E.D.Va. 1992); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C.1989). Accordingly, plaintiff's claim against the SMPLEC lacks an arguable basis in fact and law and should therefore be dismissal as frivolous.

**V. Injunctive Relief**

In his handwritten complaint, plaintiff requests that the named defendants "[i]mmediately arrange for the plaintiff's need for medical care and other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment of arthritis and degenerative disc disease..." and an order directing the defendants to "carry out without delay the treatment directed by such medical practitioner...." [rec. doc. 1, p. 7]. In his standardized complaint, plaintiff prays for "an injunction ordering defendants to immediately arrange and provide medical care by specialist for plaintiff...." [rec. doc. 7, paragraph V].

In order to obtain a preliminary injunction, the plaintiff must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 at fn. 15 (5th Cir.2001) citing *Hoover v. Morales,* 164 F.3d 221, 224 (5th Cir. 1998). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir.1976). Indeed, this finding is the "most essential" prior to issuance of a preliminary injunction. *Id.* The movant must prove all four elements and failure to prove any one of them will result in denial of the request. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir.1985). The standard for issuance of a permanent injunction is essentially the same as that for issuance of a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success. *Dresser-Rand Co. v.*

*Virtual Automation, Inc.,* 361 F.3d 831, 847-848 (5th Cir. 2004) citing *Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987).

Plaintiff fails to satisfy the second and most essential element, a substantial threat that failure to grant injunctive relief will result in irreparable injury. Since the filing of the instant lawsuit, plaintiff has been transferred to another prison operated by the Louisiana Department of Safety and Corrections, the Elayn Hunt Correctional Center. Thus, the named defendants, employees of the St. Mary Parish Law Enforcement Center, are no longer responsible for providing medical treatment to the plaintiff.

Moreover, because he has been transferred, plaintiff can not demonstrate that he is or will suffer any immediate, irreparable injury at the hands of SMPLEC employees. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) *(per curiam)* (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction) and *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir.1991) *(per curiam)* (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Holland v. Purdy,* 457 F.2d 802, 802-803 (5th Cir. 1972) (claim for injunctive relief moot when plaintiff transferred to another institution).

In order for plaintiff's claims to remain viable, he would have to establish that the possibility of a transfer back to SMPLEC would make his claims capable of repetition yet

evading review. *Oliver*, 276 F.3d at 741 citing *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th

Cir.1975), *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) and

*Honig v. Doe*, 484 U.S. 305, 318-19, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988). Under the

circumstances presented herein, there is no reasonable probability that plaintiff will be

transferred back to SMPLEC or that he will be re-incarcerated there. Upon conviction, plaintiff's

custody was transferred to the Louisiana Department of Public Safety and Corrections; he was

transferred to one of that entity's institutions, where he will probably remain until completion of

his sentence. Thus, there is no reasonable likelihood that the constitutional violation alleged in

this case is capable of repetition. Accordingly, plaintiff's requests for injunctive relief are moot

and his requests should therefore be denied and dismissed.

For the above reasons;

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH**

**PREJUDICE** as frivolous and for failing to state claims upon which relief may be granted under

28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within ten (10) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. See

*Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

    **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this __*20*__ day of

_____, 2005.

                          **C. MICHAEL HILL**

                          **UNITED STATES MAGISTRATE JUDGE**

COPY SENT:
DATE: 6-20-05
BY: _____
TO: CMH
RFD